THE SUPERVISION COMPANY, INC., Plaintiff, *v.* SAMUEL P. MOGELEWSKY and Others, Defendants.*

Municipal Court of New York, Borough of Manhattan, Ninth District, February 6, 1931.

---

* See *contra,* 8284 *Corporation* v. *Garey* (137 Misc. 197).

*Ernst, Cane & Fox*, for the plaintiff.

*Morris Quasha*, for the defendants Katz and Auerbach.

*Harris Koppelman*, for the defendant Mogelewsky.

ROEDER, J. Plaintiff brought an action against the defendants for electric current furnished by it to the defendants from March 1, 1930, to July 10, 1930. After due trial, the complaint was dismissed on the merits against the defendant Mogelewsky, and the defendants Katz and Auerbach were allowed to plead *ultra vires*. The trial court finds the facts in favor of the plaintiff, and the only question is whether the plea of *ultra vires* can prevail.

A contract was entered into between the plaintiff, a business corporation, and the defendants Katz and Auerbach, about twelve years prior to the commencement of the action, wherein and whereby the plaintiff was to furnish to such defendants electric current at premises known as 652 Broadway, in the borough of Manhattan, city of New York, and such contract has continued to the commencement of this action. The transaction sued upon herein is an executed one, the current having been furnished by the plaintiff and consumed by the defendants. As to executed contracts, it seems well established that the plea of *ultra vires* cannot prevail. (*Bath Gas Light Co.* v. *Claffy*, 151 N. Y. 24; *Booth Brothers* v. *Baird*, 83 App. Div. 495.)

In the *Bath Case* (*supra*, 34) the learned justice writing the opinion states: " But where, as in the present case, such an unauthorized lease has been made, and the lessee has received and enjoyed the possession of the property under the lease, is there any public policy which requires that the lessee should be permitted to escape the obligation imposed by the contract to pay the rent reserved during the enjoyment of the property? "

In the *Booth Brothers Case* (*supra*) Justice LAUGHLIN states (on p. 499): " It may be that such a contract by the plaintiffs was *ultra vires* as claimed by the appellants (*People* v. *North River Sugar Refining Co.*, 121 N. Y. 582); but the plaintiffs having performed the contract and the defendants having received the benefit thereof, they are estopped from raising this question." (Citing cases.)

The evidence shows that when the plaintiff corporation received its charter, the right was granted to it " To contract for and purchase as agents for the owners of buildings, electrical current, and to contract with the owner, occupants, lessees and tenants of any such buildings for the charge and supervision of their electric service and consumption," etc.

At the time of its incorporation, such a charter did not controvert any statute then in existence. After such charter was granted, the Transportation Corporations Law was amended by chapter 762 of the Laws of 1926, so as to provide, specifically (§ 5): " * * * Any corporation heretofore incorporated under a general law for any one or more of the purposes specified in this chapter, may exercise the powers now possessed by it to carry on any business in which it now may lawfully engage. * * * "

This language clearly shows that it was the intention of the Legislature not to interfere with standing charters at the time when the Transportation Corporations Law went into effect.

It would, therefore, appear that, whether or not the plaintiff submits itself to the supervision of the authorities created by the Transportation Corporations Law, its power to do business could not be affected, and its right to recover under the contracts in exercising that power must be sustained. (*Holmes Electric Protective Co.* v. *Williams*, 181 App. Div. 687.)

Judgment is granted in favor of the plaintiff against the defendants Katz and Auerbach in the sum of $263.18